## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SETH D. HARRIS, | : |
| ACTING SECRETARY OF LABOR, | : |
| UNITED STATES DEPARTMENT OF LABOR, | : |
| 200 Constitution Avenue, NW | : |
| Washington, DC 20009 | : |
| | : |
| Plaintiff, | :   Civil Action No. |
| v. | : |
| | : |
| VINEET KALUCHA, | : |
| 4345 Hawthorne Street, NW | : |
| Washington, DC 20016 | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

Seth D. Harris, Acting Secretary of Labor, United States Department of Labor, hereby alleges:

## JURISDICTION AND VENUE

1.      This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.      This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      The Q. Know Technologies, Inc. 401(k) Plan (the "Plan") is an employee

benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  The Plan was administered in Reston, Virginia. Q. Know Technologies, Inc. ("Employer") was the Plan Sponsor and Plan Administrator of the Plan.

4.       Vineet Kalucha resides in or may be found within the District of Columbia.

5.       Venue with respect to this action lies in the District of Columbia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

6.       The relevant time period is January 2006 to the present.

## THE PARTIES

7.       The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

8.       During some or all of the relevant time period, Vineet Kalucha was a trustee of the Plan, as well as an officer, director and shareholder of the Employer. During some or all of the relevant time period, Mr. Kalucha was the company official responsible for making decisions concerning the remittance of contributions to the Plan. The Employer, as the Plan Administrator, was also responsible for ensuring that contributions were remitted to the Plan.  During some or all of the relevant time period, Mr. Kalucha, along with the Employer, exercised authority or control respecting the management or disposition of Plan assets, exercised discretionary authority or

discretionary control respecting management of the Plan, and had discretionary authority or discretionary responsibility in the administration of the Plan.    Mr. Kalucha was therefore a fiduciary of the Plan, along with the Employer, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  Mr. Kalucha was also a party-in-interest as that term is defined in Sections 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A).

## GENERAL ALLEGATIONS

9.     The Employer established the Plan effective January 1, 2003.  The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

10.     For payroll periods from January 2006 through April 2008, the Employer deducted money from participants' pay as employee contributions to the Plan.  During the relevant time period, the Employer remitted certain employee contributions late without interest, and failed to remit certain employee contributions to the Plan altogether. During some or all of the relevant time period, Mr. Kalucha served as the Plan's trustee and was the company official, along with the Employer, responsible for making decisions concerning the remittance of employee contributions to the Plan.

11.     Unremitted employee contributions are assets of the Plan within the meaning of ERISA.  Mr. Kalucha, along with the Employer, failed to segregate the Plan assets from the general assets of the Employer.

12.     Mr. Kalucha, along with the Employer, failed to ensure that the Plan assets described in paragraphs 9-11, *supra*, were remitted to and collected by the Plan.

## VIOLATIONS

13.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the

Secretary adopts by reference the averments and allegations of paragraphs 1-12, inclusive.

14.     By the actions and conduct described in paragraphs 1-12, defendant Vineet Kalucha, as well as the Employer, as fiduciaries of the Plan:

      a.     failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

      b.     failed to ensure that the assets of the Plan did not inure to the benefit of the Employer in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c) (1);

      c.     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

      d.     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

15.     By failing to comply with Section 404(a)(1), 29 U.S.C. §1104(a)(1), in the administration of his specific responsibilities which give rise to his status as a fiduciary, Mr. Kalucha enabled the Employer to commit breaches of fiduciary duty and is liable for the Employer's breaches, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. §1105(a)(2).

16.     By failing to make reasonable efforts under the circumstances to remedy the Employer's breaches of which he had knowledge, Mr. Kalucha, as a fiduciary of the Plan, is liable for the Employer's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court issue an order:

a.     Ordering defendant Vineet Kalucha to restore to the Plan all losses, including interest or lost opportunity costs, which were caused by his fiduciary misconduct;

b.     Permanently enjoining Vineet Kalucha from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

c.     Permanently enjoining Vineet Kalucha from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

g.     Awarding plaintiff, Secretary of Labor, the costs of this action; and

h.     Awarding such other relief as is equitable and just.

Respectfully submitted,

Post Office Address:                          M. Patricia Smith
                                              Solicitor of Labor

Catherine Oliver Murphy                       Catherine Oliver Murphy
Regional Solicitor                            Regional Solicitor
Office of the Solicitor
U. S. Department of Labor                     /s/ Adam F. Welsh
Suite 630E, The Curtis Center                 Adam F. Welsh
170 S. Independence Mall West                 Attorney
Philadelphia, PA 19106-3306
(215) 861-5159
(215) 861-5162 (fax)                          U.S. DEPARTMENT OF LABOR

                                              Attorneys for Plaintiff